**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-2421**

_____

STAN WILSON,

Plaintiff - Appellant,

versus

TEXTRON FLEX ALLOY, INCORPORATED,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Carl Horn, III, Magistrate Judge. (CA-03-220-3-H)

_____

Submitted: March 25, 2005          Decided: April 25, 2005

_____

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Stan Wilson, Appellant Pro Se. Kenneth Paul Carlson, Jr., Kristine Marie Howard, CONSTANGY, BROOKS & SMITH, L.L.C., Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stanleigh Maurice Wilson appeals a magistrate judge's order granting summary judgment to his employer on his retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (2000).[*] This court reviews a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This court must view the evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

We find no reversible error and affirm for the reasons stated by the magistrate judge. See Wilson v. Textron Flex Alloy, No. CA-03-220-3-H (W.D.N.C. Oct. 4, 2004). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                          AFFIRMED

---

[*]The parties consented to proceed before the magistrate judge under 28 U.S.C. § 636(c) (2000). (R. 2, 5).